**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Teresa Adkins, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 5937 |
| Creditors Interchange Receivable Management, LLC, a Delaware limited liability company, | ) ) ) ) | |
|    Defendant. | ) ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Teresa Adkins, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Teresa Adkins ("Adkins"), is a citizen of the State of Missouri, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant CIRM operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant CIRM is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant CIRM is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Ms. Adkins is a disabled woman with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Bank of America. When Defendant CIRM began trying to collect the Bank of America debt from Ms. Adkins, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant CIRM's collection actions.

8. Accordingly, on April 20, 2009, one of Ms. Adkins' attorneys at LASPD wrote to Defendant CIRM to advise it that Ms. Adkins was represented by counsel, and directing CIRM to cease contacting Ms. Adkins and to cease all further collection

activities because Ms. Adkins was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, despite being advised that Ms. Adkins was represented by an attorney and that she refused to pay her debt, on August 19, 2009, Defendant CIRM directly called Ms. Adkins at her home to demand payment of her Bank of America debt. Moreover, during this call, Defendant's debt collector threatened to file a lawsuit against Ms. Adkins, put a lien on her house, and garnish her wages if she did not pay the Bank of America debt. When Ms. Adkins repeatedly told the debt collector that she was represented by LAPSD and that he should be talking to it, Defendant CIRM's debt collector ranted at her that Defendant CIRM would not work with any "third parties" like LASPD and that LASPD was a bunch of crooks. Frightened by his threats and rants, Ms. Adkins terminated the call.

10. Accordingly, on August 20, 2009, Ms. Adkins' LASPD attorney had to send Defendant CIRM another letter to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised, again, that Ms. Adkins was represented by an attorney and being directed to cease communications and collections, on August 26, 2009, Defendant CIRM called Ms. Adkins' mother, Norma Burough, and demanded that she have Ms. Adkins call the collector, "Patty Marko", right back about the Bank of America debt that Ms. Adkins owed.

12. That same day, Ms. Adkins' husband, Bill Adkins, retuned Defendant CIRM's debt collector's, Patti Marko's, call. Defendant CIRM's debt collector, Patti

Marko, apparently working off of a script, proceeded to threatened to file a lawsuit against Mr. and Mrs. Adkins, put a lien on their house, and garnish their wages if they did not pay the Bank of America debt and again stated that CIRM did not work with "third parties" like LASPD and that LASPD was a bunch of crooks.

13. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letters (Exhibits C and D) from Ms. Adkins' agent, LASPD, told Defendant CIRM to cease communications and to cease its collection attempts. By continuing to communicate regarding these debts and demanding payment, Defendant CIRM violated § 1692c(c) of the FDCPA.

18. Defendant CIRM's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendant CIRM knew that Ms. Adkins was represented by counsel in connection with this debt because her attorneys at LASPD had twice informed Defendant CIRM, in writing (Exhibits C and D), that she was represented by counsel, and had directed Defendant CIRM to cease directly communicating with Ms. Adkins.  By directly calling Ms. Adkins, despite being advised that she was represented by counsel, Defendant CIRM violated § 1692c(a)(2) of the FDCPA.

22.     Defendant CIRM's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## COUNT III
### Violation Of § 1692c(b) Of The FDCPA --
### Contacting Plaintiff's Family

23.     Plaintiff adopts and realleges ¶¶ 1-14.

24.     Section 1692c(b) of the FDCPA prohibits a debt collector, absent express permission from the consumer, from communicating with any person other than the consumer.  Defendant CIRM, by discussing the debt with Ms. Adkins' mother, without Ms. Adkins' permission, violated § 1692c(b) of the FDCPA.

25. Defendant's violation of § 1692c(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT IV
### Violation Of § 1692e Of The FDCPA --
### False Statements

26. Plaintiff adopts and realleges ¶¶ 1-14.

27. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by making numerous false statements to Plaintiff, including, but not limited to:

> A) that Defendant CIRM would file a lawsuit against Ms. Adkins if she did not pay the debt;
>
> B) that Defendant CIRM would put a lien on her house and garnish her wages; and,
>
> C) that LASPD was a bunch of crooks.

28. Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT V
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

29. Plaintiff adopts and realleges ¶¶ 1-14.

30. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. Defendant, by its

6

false threats/statements, by calling Ms. Adkins' mother about the debt, and by telling Ms. Adkins and her husband that LASPD was a bunch of crooks, engaged in unfair or unconscionable collection actions, in violation of § 1692f of the FDCPA.

31. Defendant's violations of § 1692f of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Teresa Adkins, prays that this Court:

1. Find that Defendant CIRM's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Adkins, and against Defendant CIRM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Teresa Adkins, demands trial by jury.

Teresa Adkins,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 23, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

7